1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEWAYNE A. WRIGHT,                    No.  2:24-cv-02739 SCR P

12              Plaintiff,

13        v.                              ORDER

14   PERCIL, et al.,

15              Defendants.

16

17        Plaintiff is detained in county custody and proceeds pro se with a civil rights action under

18   42 U.S.C. § 1983.  He requested leave to proceed without paying the full filing fee for this action,

19   under 28 U.S.C. § 1915.  (ECF No. 6.)  Plaintiff submitted a declaration showing that he cannot

20   afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21   proceed in forma pauperis is granted.[1]

22        For the reasons set forth below, plaintiff's complaint (ECF No. 1) fails to state any

23   cognizable claims for relief and will be dismissed with leave to amend.  Plaintiff is granted thirty

24   (30) days from the date of service of this order to file an amended complaint.

25   _____

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
26   are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As
     part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust
27   account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly
     payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.
28   These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

1

**STATUTORY SCREENING**

2          The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

4    performing this screening function, the court must dismiss any claim that "(1) is frivolous,

5    malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

6    from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous

7    when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325

8    (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

9    legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical

10   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

11   factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

12          In order to avoid dismissal for failure to state a claim a complaint must contain more than

13   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

14   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

15   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the

17   court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial

18   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

19   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When

20   considering whether a complaint states a claim, the court must accept the allegations as true,

21   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

22   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

23

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

24          Plaintiff is a county inmate at the Stanton Correctional Facility in Solano County. (ECF

25   No. 1 at 1.) His complaint names three defendants: (1) Doctor Percil, Psychiatrist; (2) Solano

26   County Stanton Facility; and (3) Solano County Sheriff's Department. (Id.) Plaintiff alleges jail

27   medical staff gave him medications that weren't his and to which he did not consent. (Id. at 3.)

28   He was given a mood stabilizer called hydroxyzine that caused side effects, including panic

1    attacks that required hospitalization.  (Id.)  Plaintiff alleges violations of various provisions of the

2    California Penal Code and seeks $500,000 in damages.  (Id. at 3-6.)

3                                              **DISCUSSION**

4           **I.         Failure to State a Claim**

5           A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

6    privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

7    including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

8    under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

9    (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

10   County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

11          Here, plaintiff's complaint fails to state a claim under § 1983 because it does not allege a

12   violation of any rights protected by the Constitution or created by federal statute.  The complaint

13   raises only state law claims under various California Penal Code sections.[2]  Further, without any

14   constitutional or federal statutory causes of action, the undersigned lacks subject matter

15   jurisdiction over the complaint.  See 28 U.S.C. §§ 1331, 1343(a)(3).  Even if the undersigned

16   could exercise supplemental jurisdiction over plaintiff's state claims, those claims would fail as a

17   matter of law because California Penal Code provisions generally do not confer private rights of

18   action.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right

19   of action under criminal statutes).  In other words, private individuals like plaintiff generally may

20   not file civil lawsuits to enforce sections of the California Penal Code.

21          In addition, § 1983 requires that there be an actual connection or link between the actions

22   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

23   Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

24   (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

25   "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a

26

27   [2] Only one of the Penal Code provisions cited, § 11161.5, which concerns interagency
     investigations in connection with a physician's prescription of medication to patients, remotely
28   concerns the subject matter of plaintiff's complaint.

                                                    3

1  series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

2  [the defendant] knew or reasonably should have known would cause others to inflict a

3  constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks

4  and citation omitted).  Plaintiff, however, does not allege any facts linking any defendants to the

5  alleged medication errors.  Defendant Percil, identified as a psychiatrist in the list of defendants,

6  see ECF No. 1 at 2, does not appear elsewhere in the complaint.

7      The second defendant, the Stanton Correctional Facility, is not a proper § 1983 defendant.

8  The statute authorizes suits against a "person" acting under color of state law only.  As a result,

9  courts have routinely held that jails and prisons are not persons who can be sued under § 1983.

10  See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under §

11  1983 are directed at 'persons' and the jail is not a person amenable to suit."); Allison v. California

12  Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (San Quentin Prison not a "person" subject to suit

13  under 42 U.S.C. § 1983).

14      Finally, the third defendant, Solano County Sheriff's Department, is a municipality.

15  Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for

16  causing a constitutional deprivation.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691,

17  694 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  However,

18  municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.

19  Monell, 436 U.S. at 694.  "Instead, it is when execution of a government's policy or custom,

20  whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

21  official policy, inflicts the injury that the government as an entity is responsible under § 1983."

22  Id.  Here, plaintiff's complaint does not identify any municipal policies or customs as the moving

23  force behind the alleged violations.  Accordingly, plaintiff's complaint fails to state a § 1983

24  claim against any of the three defendants.

25      **II.    Leave to Amend**

26      Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

27  complaint does not state any valid claims for relief.  Because of the defects described above, the

28  court will not order the complaint to be served on defendants.

1    "A pro se litigant must be given leave to amend his or her complaint, and some notice of

2    its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

3    cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  Here, plaintiff

4    may try to fix these problems by filing an amended complaint.  In deciding whether to file an

5    amended complaint, plaintiff is encouraged to consider the relevant legal standards governing his

6    potential substantive claims for relief that are attached to this order.  See Attachment A.

7        Plaintiff is further advised that if he chooses to file an amended complaint, he must

8    demonstrate how the conditions about which he complains resulted in a deprivation of his

9    constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also

10    allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

11    Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

12    unless there is some affirmative link or connection between a defendant's actions and the claimed

13    deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

14    conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

15    Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

16        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

17    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

18    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

19    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

20    1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

21    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23                                    **CONCLUSION**

24        In accordance with the above, IT IS HEREBY ORDERED that:

25        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED.

26        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

28    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1   appropriate agency filed concurrently herewith.

2          3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28

3   U.S.C. § 1915A(b)(1), and will not be served.

4          4.   Within thirty days from the date of service of this order, plaintiff may file an amended

5   complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil

6   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

7   number assigned this case, **2:24-cv-02739 SCR P,** and must be labeled "**First Amended**

8   **Complaint.**"

9          5.   Failure to file an amended complaint in accordance with this order will result in a

10  recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

11  Procedure.

12         6.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

13  form used in this district.

14  DATED: July 25, 2025

15

16                                            SEAN C. RIORDAN
                                              UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

6

1                                          Attachment A

2        This Attachment provides, for informational purposes only, the legal standards that may

3  apply to your claims for relief.  Pay particular attention to these standards if you choose to file an

4  amended complaint.

5        **I.        Eighth Amendment Deliberate Indifference to Serious Medical Needs**

6                  **(Applies to Prisoners)**

7        Denial or delay of medical care for a prisoner's serious medical needs may constitute a

8  violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.

9  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

10  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

11  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

12  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

13        In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439

14  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

15  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

16  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

17  condition could result in further significant injury or the 'unnecessary and wanton infliction of

18  pain.'"  Id. (citing Estelle, 429 U.S. at 104).  "Examples of serious medical needs include '[t]he

19  existence of an injury that a reasonable doctor or patient would find important and worthy of

20  comment or treatment; the presence of a medical condition that significantly affects an

21  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

22  at 1131-32, citing McGuckin, 974 F.2d at 1059-60.

23        Second, the plaintiff must show the defendant's response to the need was deliberately

24  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

25  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

26  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

27  which the inference could be drawn that a substantial risk of serious harm exists," but that person

28  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

1

1    approach" focuses only "on what a defendant's mental attitude actually was."  (Id. at 839.)  A

2    showing of merely negligent medical care is not enough to establish a constitutional violation.

3    Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

4         "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the

5    doctors chose was medically unacceptable under the circumstances and that the defendants chose

6    this course in conscious disregard of an excessive risk to the plaintiff's health."  Hamby v.

7    Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted).

8    A difference of opinion about the proper course of treatment is not deliberate indifference, nor

9    does a dispute between a prisoner and prison officials over the necessity for or extent of medical

10   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

11   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Moreover, as for any § 1983

12   claim, there must be an actual causal link between the actions of the named defendants and the

13   alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92

14   (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

15      **II.      Fourteenth Amendment Inadequate Medical Care (Applies to Pretrial**

16           **Detainees)**

17         When filed by those in pretrial criminal custody, claims of violations of the right to

18   adequate medical care proceed under the Fourteenth Amendment and "must be evaluated under

19   an objective deliberate indifference standard."  Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-

20   25 (9th Cir. 2018) (quoting Castro, 833 F.3d at 1070.)  The elements of a civil detainee's

21   Fourteenth Amendment medical care claim are:

22         (i) the defendant made an intentional decision with respect to the conditions under
           which the plaintiff was confined; (ii) those conditions put the plaintiff at
23         substantial risk of suffering serious harm; (iii) the defendant did not take
           reasonable available measures to abate that risk, even though a reasonable official
24         in the circumstances would have appreciated the high degree of risk involved—
           making the consequences of the defendant's conduct obvious; and (iv) by not
25         taking such measures, the defendant caused the plaintiff's injuries.

26   Id. at 1125.  "With respect to the third element, the defendant's conduct must be objectively

27   unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

28   case."  Id.  "The mere lack of due care by a state official does not deprive an individual of life,

                                          2

liberty, or property under the Fourteenth Amendment." Id. (internal quotation omitted). "Thus, the plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard." (Id. (internal quotation omitted).)

3