UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWAYNE A. WRIGHT,

          Plaintiff,

    v.

PERCIL, et al.,

          Defendants.

No.  2:24-cv-02739 SCR P

ORDER

Plaintiff is detained in county jail and proceeds pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.  ECF No. 9.  For the reasons set forth below, plaintiff's FAC fails to state a cognizable claim for relief and will be dismissed with leave to amend.  Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint.

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

1

(1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

Plaintiff is detained at the Stanton Correctional Facility in Solano County. ECF No. 9 at 3. His complaint names Dr. Percil as the sole defendant.[1] Plaintiff alleges defendant Dr. Percil did not consult with him about the effects of a prescription medication, hydrocide. Id. at 3. Plaintiff alleges that defendant Dr. Percil prescribed the medication with gross negligence, lack of oversight, and medical negligence. Id. Plaintiff already suffers from heart problems and high blood pressure, and that same medication caused him to be hospitalized before. Id. As a result of defendant Dr. Percil's actions, plaintiff has "panic attacks[,] angstyness [sic] and anxiety." Id.

Plaintiff alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments. ECF No. 9 at 3. He seeks a total of $500,000 in damages. Id. at 6.

////

---

[1] The FAC's caption lists "Dr. Percil, et al." as defendants, but does not identify any other defendants in its body. ECF No. 9 at 1-2.

2

**LEGAL STANDARDS**

**I.        42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.       Fourteenth Amendment Inadequate Medical Care (Applies to Pretrial Detainees)**

When filed by those in pretrial criminal custody, claims of violations of the right to adequate medical care proceed under the Fourteenth Amendment and "must be evaluated under an objective deliberate indifference standard."  Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quotation omitted).  The elements of a civil detainee's Fourteenth Amendment medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.  "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case."  Id.  "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."  Id. (internal quotation omitted).  "Thus, the plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard."  (Id. (internal quotation omitted).)

**DISCUSSION**

**I.        Failure to State a Claim**

The undersigned construes plaintiff's FAC as alleging a single claim against defendant Dr. Percil for inadequate medical care.  Based on plaintiff's continued detention in a Solano County

3

facility, it appears that he is a pretrial detainee.  Therefore, the undersigned will screen plaintiff's claim under the Fourteenth Amendment's objective deliberate standard rather than the Eighth Amendment's more demanding, subjective deliberate indifference standard.

Even under the less demanding Fourteenth Amendment standard, the FAC does not state a claim.  While plaintiff's panic attacks and other ailments are likely sufficiently serious to be constitutionally actionable, the FAC does not establish a causal link between them and defendant's actions.  Specifically, it is not clear whether plaintiff is suffering panic attacks as an alleged side effect of the medication prescribed by Dr. Percil, or because he fears that the medication may have side effects.  To the extent plaintiff's emotional injuries are caused by his concern that side effects <u>may</u> occur, the injuries would be too speculative to support a claim for relief.

Whether defendant Dr. Percil's choice of Hydrocide was objectively unreasonable in light of plaintiff's past hospitalization is a much closer call.  Plaintiff characterizes Dr. Percil's failure to consult with him before prescribing the medication as "gross negligence" and "medical negligence," but medical malpractice or negligence is not actionable under the Fourteenth Amendment.  <u>Gordon</u>, 888 F.3d at 1125; <u>Alexander v. Nguyen</u>, 78 F.4th 1140, 1144 (9th Cir. 2023) (noting that both the Eighth Amendment and Fourteenth Amendment medical care standards require a plaintiff to show the defendant's conduct was "worse than negligent").[2] While the undersigned is willing to entertain that plaintiff's factual allegations show "more than negligence," <u>Gordon</u>, 888 F.3d at 1125, despite his use of the term, ultimately, the lack of clearly pled causation between plaintiff's injuries and Dr. Percil's actions undermine his claim.

The Court also takes judicial notice of the fact that it does not appear that "hydrocide" is a real medication.  <u>See</u> Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); <u>Hickman v. Butler</u>, 2016 WL 710485at *2 n.2 (D. Ark. Aug. 26, 2016) ("Although Hickman asserts Petty also failed to administer a

---

[2]  In <u>Alexander</u>, the Ninth Circuit declined to address where a "gross negligence" standard fits within the <u>Gordon</u> framework for Fourteenth Amendment medical care claims.  78 F.4th at 1145.

medication he identifies as Formentazine in violation of the doctor's orders, medical records from the date of the incident make no mention of Formentazine.  In fact, Formentazine is not an actual medication and there are no facts to suggest any prescribed medication was not administered.").  If plaintiff files a further amended complaint, he must ensure that any medication-related claim of unconstitutional medical care concerns real medication.

For these reasons, plaintiff's FAC fails to state a cognizable claim for relief.  Plaintiff will be given leave to file an amended complaint.  In the amended complaint, plaintiff must plead, if he can, additional facts that connect his panic attacks and other injuries to the medication.

**II.        Leave to Amend**

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the FAC does not state any valid claims for relief.  Because of the defects described above, the court will not order the complaint to be served on defendant.

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  Here, plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is encouraged to review the substantive legal standards for his potential claims that are provided above.

Plaintiff if further advised that if he chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

5

make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's FAC fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

2.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:24-cv-02739 SCR P,** and must be labeled "**Second Amended Complaint.**"

3.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6